IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02170-CMA

ANTHONY SNYDER, et al.,

    Plaintiffs,

v.

VAIL RESORTS, INC., et al.,

    Defendants.

## ORDER REGARDING SANCTIONS

This matter is before the Court on Plaintiffs' Motion for Sanctions, which was filed concurrently with their Motion to Remand (Doc. # 2). The Motion for Sanctions is DENIED.

Defendants filed a Notice of Removal on September 10, 2009, roughly two weeks before trial in this case was scheduled to commence in state court. (*See* Doc. # 1.) Plaintiffs filed their Motion to Remand and Motion for Sanctions on September 11, 2009, and, on the same day, the Court remanded this case and ordered Defendants to show cause why they should not be sanctioned for a frivolous removal pursuant to 28 U.S.C. § 1447(c). (Doc. # 4.) Defendants responded to the Court's Order on September 18, 2009. (Doc. # 5.) The Court has reviewed Defendants' response and, despite some misgivings regarding the basis and timing of the removal, the Court concludes that sanctions would be inappropriate in this case.


**APPLICABLE LAW**

Courts have a continuing obligation to ensure that jurisdiction is proper. 28 U.S.C. § 1447(c). If a court finds that a defendant has removed a case without a legitimate basis to support federal jurisdiction, the court "may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A fee award under section 1447(c) is inappropriate when the removing party had an "objectively reasonable basis" for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

**DISCUSSION**

This is a dispute over federal question jurisdiction; Defendants sought to remove to this Court claiming it exists, Plaintiffs sought remand and sanctions claiming it doesn't. In seeking remand and sanctions, Plaintiffs argue that they have alleged nothing but state law claims and that Defendants' removal was frivolous because nothing Plaintiffs' contract and tort claims raises a federal question. In response, Defendants argue that the contractual right that Plaintiffs sue upon implicates the U.S. Government's interest in managing its federal lands and, therefore, Plaintiffs' claims raise a federal question.

**I.     THE PARTIES' ARGUMENTS**

In support of removal, Defendants rely solely on a statement in Plaintiffs' briefing on proposed jury instructions, which Defendants contend establishes that Plaintiffs believe the right created by the contract is akin to an easement or lease in federal lands.

Thus, Defendants argue that because Plaintiffs' jury instruction submission revealed that Plaintiffs were seeking to enforce a right to a property interest in federal land, Plaintiffs' claims raise a federal question to support jurisdiction in this Court. Defendants further argue that because Plaintiffs raised the property interest issue for the first time in the jury instruction submission, Defendants were justified in removing when they did, only two weeks before trial.

Plaintiffs admit that this case may implicate the Government's interest in management of public lands, but they contend that any federal question in this case came about as a result of defenses to liability raised by Defendants. Plaintiffs argue that under the well-pleaded complaint rule, Defendants' defense cannot support federal jurisdiction, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 13-14 (1983), and Defendants removed merely to delay the trial set in state court. Plaintiffs further contend that Defendants took the statement in the jury instruction submission out of context and that, when the entire jury instruction submission is analyzed, it is clear that this Plaintiffs are not seeking to enforce an interest in federal lands.

**II.    NO FEDERAL QUESTION JURISDICTION EXISTS**

The Court agrees with Defendants that determination of the nature of the right created by the contract at issue in this case determines whether federal question jurisdiction exists. However, the Court disagrees with Defendants that the single

phrase in Plaintiffs' jury instruction submission establishes that Plaintiffs are claiming a contractual interest in federal lands.

Defendants focus on only one line in Plaintiffs' multi-page jury instruction submission – Defendants do not even cite the entire sentence. However, a review of Plaintiffs' entire jury instruction submission, as opposed to the one line that Defendants focus on, reveals that Defendants' argument in support of federal question jurisdiction is rather dubious. Most critical to Defendants' argument is the fact that the line they cite as their basis for removal is a hypothetical example. The entire sentence at issue reads: "In the event this Court [the state court] considers the Plaintiffs' interest in the lifetime transferable ski passes to be a 'license,' Plaintiffs object to this proposed instruction on the basis that the interest created was an *irrevocable* transferable interest akin to an easement or a lease." (Doc. # 2 at 9 (emphasis in original).) Defendants focus solely on the tail end of this sentence and ignore the fact that Plaintiffs were merely objecting to Defendants' proposed jury instruction by using a hypothetical example. Moreover, other statements in the submission reflect that Plaintiffs did not intend to affirmatively pursue an easement or lease-type right in federal lands. Rather, Plaintiffs were responding to Defendants' assertions. Under *Franchise Tax Bd.*, the Court agrees with Plaintiffs that they should not be haled before this Court simply by virtue of being forced to respond to Defendants' defense.

The Court also questions the timing of Defendants' removal. It appears to this Court that the entire premise of Defendants' defense strategy was to confine Plaintiffs

into admitting that: (1) the contract created a revocable license, which would essentially negate Defendants' contractual liability or (2) the contract created an irrevocable license, which would support federal question jurisdiction and open up other defenses to liability. If, as Defendants argue, the nature of the right created by the contract was, "The central and most hotly disputed issue in the case," why did this issue of whether Plaintiffs were seeking to enforce a contractual right to an interest in federal lands arise only two weeks prior to trial?

## III.     DEFENDANTS HAD AN OBJECTIVELY REASONABLE BASIS FOR REMOVAL

Regardless of the Court's doubts about the merits and the timing of the removal, the Court cannot say that Defendants lacked an objectively reasonable basis for removal. Notably, the Court acknowledges that determination of the nature of the right created by the contract could very well implicate the federal government's interest in the management of its federal lands. Although the Court concludes that Defendants, not Plaintiffs, introduced this federal question into the litigation by way of their defense strategy, dissociating the issues raised by Defendants' defenses from the issues raised by Plaintiffs' claims was not an easy matter, as the Supreme Court has pointed out. *See Franchise Tax Bd.*, 463 U.S. at 10-14; *Gully v. First Nat'l Bank*, 299 U.S. 109, 117-18 (1936). Given the entanglement between Plaintiffs' claims and Defendants' defenses, the Court cannot say that Defendants' removal was frivolous or otherwise lacking an objective reasonable basis in law.

Moreover, the Court admits that its questions concerning the timing of Defendants' removal are speculation, rather than established fact.  Indeed, the timing of the removal raised the Court's eyebrows, but the Court acknowledges that it is possible that the crucible of trial preparation (to use Defendants' words) brought out certain aspects of Plaintiffs' claims for the first time.

Therefore, notwithstanding the defects in removal identified above, the Court concludes that Defendants had an objectively reasonable basis to seek removal of this lawsuit.

Accordingly, Plaintiffs' Motion for Sanctions (Doc. # 2) is DENIED; it is

FURTHER ORDERED Plaintiffs' Motion for Emergency Hearing (Doc. # 3) is DENIED AS MOOT; and it is

FURTHER ORDERED that this matter is DISMISSED, each party to bear its own costs.

DATED:  September  30 , 2009

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge